# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| COLUMBIA MEDICAL CENTER OF PLANO SUBSIDIARY, L.P. d/b/a MEDICAL CITY PLANO, COLUMBIA MEDICAL CENTER OF DALLAS SUBSIDIARY, L.P. d/b/a MEDICAL CITY DALLAS, § § § § § § § | |
| *Plaintiffs,* § | Civil Action No. 4:24-cv-137 |
| v. § | Judge Mazzant |
|  § § | |
| ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, § § § | |
| *Defendant.* § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Anthem Blue Cross Life and Health Insurance Company and Blue Cross of California's Motion to Dismiss Plaintiffs' Original Complaint and Incorporated Memorandum in Support (Dkt. #6).[1] Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED in part and DENIED in part**.

## BACKGROUND

This dispute involves Employee Retirement Income Security Act of 1974 ("ERISA")[2] and contract law. Plaintiffs are hospitals in Texas that serve the Plano and Dallas metropolitan area (Dkt. #1 at ¶¶ 7–8). Defendant is an affiliate of Blue Cross and Blue Shield of Texas ("BCBS") and insures and administers health plans that cover Texas residents (Dkt. #1 at ¶ 4). Plaintiffs entered

---

[1] The Motion indicates that it is also on behalf of Blue Cross of California (*See* Dkt. #6 at p. 1). Plaintiffs' Complaint, however, only lists Defendant Anthem Blue Cross Life and Health Insurance Company as the opposing party in this suit (*See* Dkt. #1 at ¶ 3). The Court recounts the Motion's name exactly as it was filed (*See* Dkt. #6 at p. 1).

[2] ERISA "is a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." *Shaw v. Delta Air Line, Inc.*, 463 U.S. 85, 90 (1983).

into an agreement with BCBS which provided that Plaintiffs would treat patients with BCBS health plans and then be reimbursed for that treatment (Dkt. #1 at ¶ 8). According to Plaintiffs, that did not happen here. Plaintiffs allege they rendered medically necessary services to three patients, Plaintiffs submitted the claims to BCBS, BCBS rejected the claims, Plaintiffs timely appealed these denials to Defendant, and Defendant denied the appeals because preauthorization was purportedly not obtained prior to service (Dkt. #1 at pp. 5–12). Currently, Defendant has not paid Plaintiffs anything.

On February 16, 2024, Plaintiffs filed suit, invoking the Court's subject matter jurisdiction and diversity jurisdiction (Dkt. #1). Plaintiffs' Complaint lists the following causes of action: failure to comply with health benefit plan in violation of ERISA (Count I); breach of contract (Count II); and breach of contract for plans not subject to ERISA (Count III). Defendant filed this Motion on April 22, 2024 (Dkt. #6). Plaintiffs filed their Response on May 20, 2024 (Dkt. #9). Then, on May 28, 2024, Defendant filed its Reply (Dkt. #13). The Motion is ripe for adjudication.

## LEGAL STANDARD

### I. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction when the district court does not have statutory and constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court will consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In deciding the motion, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented

by undisputed facts plus the [C]ourt's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The Court will accept as true all well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to the plaintiff. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). Once a defendant files a motion to dismiss under Rule 12(b)(1) and challenges jurisdiction, the party invoking jurisdiction has the burden to establish subject matter jurisdiction. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). The Court will grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain that the claimant cannot prove a plausible set of facts to support a claim that would entitle it to relief. *Lane*, 529 F.3d at 557.

## II.    Rule 12(b)(6)

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the

complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

### I.   Count I

Currently, as pleaded, Count I should be dismissed without prejudice. The Court will grant Plaintiffs leave to amend their Complaint.

### A.     Rule 12(b)(1) governs this count.

As Defendant notes, under ERISA, an action recover benefits may only be brought by (1) a participant or beneficiary of a plan, or (2) a healthcare provider with a valid assignment (Dkt. #6 at p. 10). *Tango Transp. v. Healthcare Fin. Serv.*, 322 F.3d 888, 890–92 (5th Cir. 2003). Plaintiffs contend they have valid assignments (*See* Dkt. #1 at ¶ 48; Dkt. #9 at pp. 3–5). Defendant disagrees and avers that Plaintiffs fail to adequately allege that they possess valid assignments of rights under any patient's health plans or insurance policies (Dkt. #6 at p. 10). Accordingly, Defendants urge the Court to dismiss Count I pursuant to Rule 12(b)(1) because Plaintiffs fail to plausible allege valid assignments which deprives Plaintiffs of standing under ERISA to bring their claims (*See* Dkt. #6 at p. 10). Plaintiffs counter by arguing the Court should analyze the issue of assignments pursuant to Rule 12(b)(6) (Dkt. #9 at pp. 3–5). Defendant's argument carries the day. Defendant's Motion, as to Count I, must be analyzed under Rule 12(b)(1) because standing under ERISA invokes the Court's subject matter jurisdiction. *Cell Science Sys. Corp. v. La. Health Serv.*, 804 F. App'x 260, 262–64 (5th Cir. 2020) (analyzing ERISA standing as a question of subject matter jurisdiction); *see also Cobb v. Central States*, 461 F.3d 632, 635 (5th Cir. 2006) ("[S]tanding to bring an action founded on ERISA is a 'jurisdictional' matter."); *cf. Dialysis Newco, Inc. v. Cmty. Health Sys. Grp. Health Plan*, 938 F.3d 246, 250 (5th Cir. 2019) ("If the provider lacks standing to bring the lawsuit due to a valid and enforceable anti-assignment clause, then federal courts lack jurisdiction to hear the case."). Because the Court determines that Count I should be analyzed under the Rule 12(b)(1) framework, the Court will now assess whether the attack on Plaintiffs' Complaint is facial or factual. *See Cell Science Sys. Corp.*, 804 F. App'x at 263.

### B. This is a factual challenge.

Defendant's attack on the Complaint is factual. "A facial attack on the complaint requires the court merely to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the complaint are taken as true for the purposes of the motion." *Cell Science Sys. Corp.*, 804 F. App'x at 263 (citation modified). "A factual attack, however, challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (citation modified). Here, Defendant has launched a factual attack because it has challenged the underlying facts supporting the Complaint—whether the assignments exist at all—rather than merely challenging the allegations on their face (Dkt. #6 at p. 10 ("Plaintiffs fail to adequately allege that they possess valid assignments of any members' rights under any members' health plans or insurance policies.")). *Id.* at 263–64. "[W]hen a factual attack is made upon federal jurisdiction, no presumptive truthfulness attaches to the [plaintiff's] jurisdictional allegations, and the court is free to weigh tht evidence and satisfy itself as to the existence of its power to hear the case." *Id.* at 264 (quoting *Evans v. Tubbe*, 657 F.2d 661, 663 (5th Cir. 1981). So, "in order to survive the Rule 12(b)(1) motion to dismiss for lack of jurisdiction," Plaintiffs must "put forth evidence of valid and enforceable assignments of benefits from the ERISA plan participants and/or beneficiaries." *Id.* at 264. Here, Plaintiffs have not put forth evidence of the assignments, they have only alleged their existence (*See* Dkt. #1; Dkt. #9). Thus, the Court must dismiss Count I without prejudice. *See id.*

## II. Count II

After reviewing the relevant pleadings and arguments contained in the briefing, the Court finds that Plaintiffs have stated a plausible claim for relief. Therefore, Defendant's Motion to Dismiss Count II pursuant to Rule 12(b)(6) must be denied.

### III.   Count III

Defendant claims that Count III should be analyzed pursuant to Rule 12(b)(1). Count III, however, is a common law claim for breach of contract for plans *not* subject to ERISA (Dkt. #1 at p. 15 (emphasis added)). Accordingly, the Court will analyze this claim pursuant to Rule 12(b)(6). *See Tango Transp.*, 322 F.3d at 890–92. After reviewing the relevant pleadings and arguments contained in the briefing, the Court finds that Plaintiffs have stated a plausible claim for relief. Therefore, Defendant's Motion to Dismiss Count III pursuant to Rule 12(b)(6) must be denied.

### CONCLUSION

It is therefore **ORDERED** that Defendants Anthem Blue Cross Life and Health Insurance Company and Blue Cross of California's Motion to Dismiss Plaintiffs' Original Complaint and Incorporated Memorandum in Support (Dkt. #6) is hereby **GRANTED in part and DENIED in part**.

It is further **ORDERED** that Count I is **DISMISSED without prejudice**. The Court grants Plaintiffs leave to amend their Complaint within 14 days of the issuance of this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

SIGNED this 28th day of July, 2025.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE